
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN FRANCISCO BERNABE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72726

Agency No. A092-404-759

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2020**
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,***
District Judge.

Petitioner Juan Francisco Bernabe (Bernabe), a citizen of Guatemala,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

dismissing his appeal of the denial of asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT).

Substantial evidence supports the BIA's determination that Bernabe failed to establish extraordinary circumstances beyond his control to justify the untimely filing of his asylum application. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) (applying substantial evidence standard). Bernabe has cited no persuasive authority that his pursuit of an adjustment of status constituted an exceptional circumstance. As the immigration judge (IJ) determined, Bernabe "has resided in the United States for multiple decades but did not file his [asylum application] until over five years after he was ordered removed *in absentia*." Under these circumstances, Bernabe failed to adequately explain his failure to timely file his asylum application prior to 2010. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008).

"To the extent that [Bernabe] asserts that the BIA . . . failed to consider some or all of [his] evidence [of changed circumstances], [he] has not overcome the presumption that the BIA did review the record." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (citation omitted). As reflected by its discussion of numerous documents in the record and Bernabe's declaration, the BIA sufficiently reviewed the evidence submitted by Bernabe to support his claims. *See Cole v.*

*Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (articulating that the BIA is not required to "discuss each piece of evidence submitted").

Substantial evidence supports the BIA's determination that Bernabe failed to establish a clear probability of persecution or torture on an individualized basis. *See Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), *as amended* (explaining that "a petitioner's membership in a disfavored group is not sufficient *by itself* to meet [his] ultimate burden of proof; *some* evidence of individualized risk is necessary for the petitioner to succeed") (citation and internal quotation marks omitted) (emphases in the original); *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (stating that, for deferral of removal under the CAT, "the petitioner must demonstrate that he would be subject to a *particularized threat* of torture") (citation and internal quotation marks omitted) (emphasis in the original).

We reject Bernabe's contention that his due process rights were violated when the IJ on remand precluded his counsel from submitting arguments in support of his application. During the remanded proceedings, Bernabe's counsel acknowledged that: she was prepared to submit the case on the record, Bernabe did not intend to offer additional evidence, and Bernabe was relying on his declaration to support his claims. The IJ thoroughly reviewed the submitted evidence, and rendered a reasoned decision supported by substantial evidence

3

denying asylum, withholding of removal, and deferral of removal pursuant to the CAT. As a result, Bernabe fails to demonstrate that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case," or "that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (citations omitted).

**PETITION DENIED.**